[Crim. No. 1566. First Appellate District, Division One.—September 4, 1930.]

THE PEOPLE, Respondent, v. ALMOND CLEMENT, Appellant.

Alfred J. Hennessy for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant and one Mason Griffin were accused by information of the crime of robbery. They were convicted and appellant Clement has appealed from the judgment and from the order denying him a new trial.

The facts are as follows: About 10 o'clock on the evening of September 26, 1929, certain neighbors were engaged in a home in the Marina district at a game of bridge. While so engaged the front doorbell rang and in responding thereto one of the occupants was confronted by two men armed with cocked revolvers. The men entered the premises, searched the house and robbed the occupants of the funds in their possession. The defendants were subsequently arrested and charged with having committed the crime. At the trial appellant's co-defendant was positively identified as one of the perpetrators of the robbery and he has not appealed from the judgment. Appellant about five days after his arrest admitted to the police authorities that he was engaged in this and other robberies and he subsequently signed a statement to the effect that in the evening of the day in question he was riding on Broderick Street, in the Marina district, with two companions named Griffin and Caldwell. They noticed two men and two women playing cards in a home and Caldwell suggested that they rob the house. According to his statement appellant tried to talk them out of their plans but they refused to listen to him. While his companions were engaged in the robbery appellant remained outside in the automobile. After the robbery was committed all three men drove away together and subsequently divided the spoils. At the trial appellant admitted signing the statement but claimed that the same was obtained by the officers from him through force and coercion. His defense was that of alibi, appellant testifying that on the evening in question he was at a movie show where a certain actress appeared in a certain picture. It was proved that this particular picture was not featured on

the evening in question. Appellant here claims that he was convicted solely on the statement signed by him and that the same was not a free and voluntary one for the reason it was signed only after a beating by a police officer which compelled him to undergo treatment in a hospital for a period of sixteen days, for which reason it should not have been admitted in evidence without other evidence showing that he committed or participated in the commission or aided and abetted in the crime charged. He further claims that he was kept *incommunicado* for a period of five days without being charged with a crime and denied his statutory right to consult and retain an attorney for a period of six days which in itself constituted coercion. We see no merit in these contentions.

While there was evidence to show that appellant was in a hospital after his arrest, it also appeared that the treatment he received was for an ailment of long standing. It also appeared in evidence that at no time had appellant been beaten or mistreated by the police officers but that, on the contrary, the statement was freely and voluntarily made. Nor is there any merit in the further contention that defendant was kept in prison without an opportunity to consult with an attorney. One of the police officers testified that nothing of the kind had happened. It also appeared that after his arrest he was permitted to talk with his employer. Equally without merit is the claim that the evidence is insufficient to convict. Taking, as we must, the signed statement of appellant to be true, together with the proof of the *corpus delicti*, the case against him is complete. Appellant also claims error in the refusal of the court to give certain instructions to the jury. We have examined the proposed instructions and we are of the opinion that they were properly refused. The court fully and fairly instructed the jury on all subjects applicable to the evidence.

The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 29, 1930.